**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                          No. 00-4810

ERIC L. BROWN,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-99-731)

Submitted: July 26, 2001

Decided: August 16, 2001

Before TRAXLER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. Scott N. Schools, United States Attorney,
Mary Gordon Baker, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric L. Brown pled guilty to two counts of receiving child pornography, 18 U.S.C.A. § 2252A(a)(2)(A) (West 2000), and one count of possessing child pornography, 18 U.S.C.A. § 2252A(a)(5)(B), and was sentenced to a term of forty-six months imprisonment. Brown appeals his sentence, alleging that the district court erred in finding that a five-level enhancement for distribution applied under *U.S. Sentencing Guidelines Manual* § 2G2.2(b)(2) (1998). He also contends that the district court erred in finding that the enhancement need not be based on facts charged in the indictment and proved beyond a reasonable doubt. We affirm.

Brown traded approximately thirty images of child pornography over the internet with a confidential informant for the Federal Bureau of Investigation. In his interview with the probation officer, Brown admitted that he had traded images of child pornography with people who had the same interest, but he opposed the enhancement for distribution under USSG § 2G2.2(b)(2), arguing that it should not be applied because he had not distributed the images for pecuniary gain or in a "quid pro quo" manner.

Application Note 1 to § 2G2.2 provides that, for purposes of sentencing under that guideline, "'[d]istribution' includes any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." USSG § 2G2.2, cmt. n.1 (1998). We have held that the enhancement applies to distributions that are not made solely for pecuniary gain, as have the majority of circuits that have considered the issue. *United States v. Williams*, ___ F.3d ___, 2001 WL 672049, at *2-5 (4th Cir. June 15, 2001). There was information before the sentencing court that Brown had distributed child pornography to an informant, and that after his guilty plea Brown acknowledged receiving images of child pornography and saving the pictures to send to other people. Despite Brown's disclaimer, the court could infer that Brown distributed the images in the expectation that he would receive similar images in return. Such a transaction is a distribution for pecuniary gain. *Williams*, 2001 WL 672049, at *5.

Brown further contends that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), the enhancement violated his due process rights because distribution was not charged in the indictment or proved beyond a reasonable doubt. His argument is foreclosed by our decision in *United States v. Kinter*, 235 F.3d 192, 199-201 (4th Cir.), *cert. denied*, 121 S. Ct. 1393 (2001) (holding that *Apprendi* does not affect a judge's application of the guidelines when the enhancement does not increase the statutory range).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*